
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK C. HARMS, | No. 13-35260 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-00111-EJL-CWD |
| v. | |
| JIM JEFFRIES, Power County Sheriff; POWER COUNTY, a political subdivision of the State of Idaho, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted June 6, 2014[**]
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for the Western District of Washington, sitting by designation.

**1.** The district court correctly determined that Frederick Harms did not have an express or implied employment contract with Power County. The Power County Personnel Manual, adopted by reference in Power County Ordinance § 1-6-2, does not create a contractual entitlement to continued employment. The second page of the manual conspicuously states that it "is not a contract," and Harms signed an acknowledgment form indicating he understood that the manual was not an employment contract. Taken together, the disclaimer and the acknowledgment foreclose any argument that the manual created an express or implied employment contract between Harms and Power County. *See Parker v. Boise Telco Fed. Credit Union*, 923 P.2d 493, 500 (Idaho Ct. App. 1996).

By signing the acknowledgment, Harms expressly agreed that he was an at-will employee. This agreement supersedes any verbal assurances Harms received when he was hired. *See Bollinger v. Fall River Rural Elec. Coop.*, 272 P.3d 1263, 1269–70 & n.3 (Idaho 2012). The handbook's discussion of cause and procedural requirements for terminating employees did not alter the at-will nature of Harms' employment, particularly given that the county retained the unilateral right to alter the manual's terms at any time. *See Thompson v. City of Idaho Falls*, 887 P.2d 1094, 1098–99 (Idaho Ct. App. 1994). Under those circumstances, no reasonable

person could conclude that the county intended to limit its ability to discharge

Harms.  *See Bollinger*, 272 P.3d at 1269.

2.  The district court correctly determined that Harms did not have a

property interest in his continued employment, and therefore could not maintain a

due process challenge to his termination.  Under Idaho law, "[i]n order for an

employee to have a property interest in continued employment, the employee must

be more than an employee at-will."  *Thompson*, 887 P.2d at 1100; *see also*

*Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 538 (1985).  As discussed

above, Harms was an at-will employee.

**AFFIRMED.**